### BURRELL v. BRUGGER.

1. Reformation of Instruments—Mistake—Intent.

Action for reformation is proper remedy to carry out the express intent of the parties where evidence is clear that both parties had reached an agreement and as a result of mutual mistake the instrument did not express the true intent of the parties.

2. Same—Misdescription in Deed.

Deed is ordered reformed where it is established there was a mutual mistake between the vendors and vendees in which the

---

References for Points in Headnotes

[1] 45 Am Jur, Reformation of Instruments § 46.
[2] 45 Am Jur, Reformation of Instruments § 38.
[3] 12 Am Jur 2d, Boundaries § 89.

description set forth in the deed failed to describe the entire parcel of land which vendors had agreed to sell and vendees had agreed to purchase.

3. BOUNDARIES—EQUITABLE ESTOPPEL.

An equitable estoppel was raised against defendants who questioned true boundary as established by surveyor about 10 feet south of where it had been observed for some 50 years, where plaintiff used true boundary in platting adjacent subdivision and buildings had been erected on the lots in the subdivision.

Appeal from Iosco; Glennie (Philip J.), J., presiding. Submitted Division 2 June 9, 1965, at Lansing. (Docket No. 372.) Decided September 20, 1965.

Bill by Elmer J. Burrell against John A. Brugger to reform a deed. Cross-bill by Victor A. Zaharias and Doris M. Zaharias, intervening defendants. Judgment for plaintiff. Defendant and intervening defendants appeal. Affirmed.

*Paul Harvey,* for plaintiff.

*T. George Sternberg,* for defendant and intervening defendants.

J. H. GILLIS, P. J. This action involves dispute over two separate parcels of property. In the first dispute the trial court properly held that there was a mutual mistake between the vendors and vendees in which the description set forth in the deed failed to describe the entire parcel of land which vendors had agreed to sell and the vendees had agreed to purchase.

"Reformation [is] proper so as to carry out the express actual intent of the parties where the evidence is clear that both parties had reached an agreement and, as a result of a mutual mistake,

\* \* \* the instrument did not express the true intent of the parties." *Blake* v. *Fuller* (1936), 274 Mich 534, 538.

The second dispute involves a line fence which had existed as a boundary for approximately 50 years but which was substantially obliterated by breakage and brush. The parties to this action, desiring to plat adjacent subdivisions, employed the same surveyor who established the true line 10 feet south of the line fence. Several years after plaintiff had platted his property and buildings were erected in the subdivision on the lots abutting the line fixed by the surveyor, defendants questioned the boundary and joined in this action.

All the elements of an equitable estoppel are present. See *Cleveland-Cliffs Iron Co.* v. *Gauthier* (1906), 143 Mich 296.

The trial court is affirmed. Costs to appellee.

T. G. KAVANAGH and QUINN, JJ., concurred.